Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys For Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o PHOENIX
FOODS, S.A.

          Plaintiff,

     - against -

LAN AIRLINES, S.A.

          Defendant.
------------------------------------------------------------------X

07 Civ.

07 CV 11286

JUDGE STANTON

**COMPLAINT**

Plaintiff, MUND & FESTER GMBH & CO.KG a/s/o PHOENIX FOODS, S.A. (hereinafter "M&F" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against LAN AIRLINES, S.A. alleges upon information and belief as follows:

**PARTIES**

1. At all material times, M&F was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated underwriter of Perishable Fresh Green Asparagus owned by Phoenix Foods, S.A., which was the shipper of said consignment of Asparagus, as more fully described below.

2. At all material times, Defendant, LAN Airlines, S.A., was and is a foreign corporation with an office and place of business located at 6500 NW 22nd Avenue, Miami, Florida 33122 and at all relevant times was and is doing business within the jurisdiction of this Honorable Court.

## JURISDICTION

3.  This action arises out of the Warsaw Convention, a Treaty to which the United States is a signatory. The Court has jurisdiction pursuant to 28 USC § 1331.

## FACTS

4.  This is a claim for physical damage to a consignment consisting of 432 cases of Perishable Green Asparagus, with a weight of 6,278 kilograms, which were delivered to the defendant in good order and condition to be carried from Lima, Peru to Los Angeles, California via Miami, Florida, pursuant to LAN Airlines air waybill number 045-2600-3132 dated December 15, 2006.

5.  The cargo was delivered to LAN Airlines in good order and condition on December 15, 2006 and was due to be delivered to the consignee in Los Angeles on December 17, 2006.

6.  The cargo experienced an unexpected and unscheduled three day layover in Miami before arriving in Los Angeles on December 20, 2006.

7.  The cargo was not made available to the consignee until December 22, 2006.

8.  During the additional two days from December 20 to December 22, the cargo was not refrigerated, as stipulated on the Bill of Lading.

9.  As a result of the elongated transit time and lack of refrigeration, upon examination the asparagus was found to be soaked, limp, subject to decay, and was constituted a total loss.

10. As a result of the damages sustained to the shipment, Phoenix Foods, S.A sustained a loss in the amount of $25,983.00.

11. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant its employees, contractors, agents and servants.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between Phoenix Foods, S.A and Mund & Fester GMBH, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance between Phoenix Foods, S.A and Mund & Fester GMBH, monies have been and will be expended on behalf of Phoenix Foods, S.A in the amount of $25,983.00 to the detriment of Mund & Fester GMBH due to the damages sustained during transit.

14. As Mund & Fester GMBH has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Mund & Fester GMBH has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

15. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

16. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

17. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $25,983.00.

18. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, plaintiff respectfully demands judgment in the amount of $25,983.00, together with interest, costs, and disbursements, and such other and further relief as to the Court appears just and proper.

Dated: New York, New York
      December 13, 2007
      260-64

                CASEY & BARNETT, LLC
                Attorneys for Plaintiff

By: _____
      Gregory G. Barnett (GGB-3751)
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      (212) 286-0225