**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                :

MUND & FESTER GBBH & CO.KG a/s/o        INDEX: 07cv11286 (LLS)
PHOENIX FOODS, S.A.           :

                :         **ANSWER**

                :

           Plaintiff,        :

                :

     - against -           :

                :

LAN AIRLINES, S.A.

          Defendant

Defendant LAN AIRLINES, S.A. (hereinafter referred to as "LAN"), by its attorneys, MENDES & MOUNT, L.L.P., upon information and belief alleges as follows:

1.     LAN denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint;

2. LAN admits the allegations contained in paragraph 2 of Plaintiff's Complaint;

3.  LAN denies the allegations contained in paragraph 3 except that it admits that this Court has jurisdiction pursuant to 28 USC §1331;

4.     LAN admits that it carried 432 cases of green asparagus from Lima, Peru to Los Angeles, California pursuant to Air Waybill number 145-2600-3132 dated December 15, 2006. LAN denies each and every other allegation contained in paragraph 4 of Plaintiff's Complaint;

5. LAN denies each and every allegation contained in paragraph 5 of Plaintiff's Complaint;

6. LAN denies each and every allegation contained in paragraph 6 of Plaintiff's Complaint;

7. LAN denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint;

8. LAN denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint;

9. LAN denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint;

10. LAN denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint;

11. LAN denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint;

12. LAN denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint;

13.      LAN denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint;

14.  LAN specifically denies that it was responsible for any damages allegedly sustained by Plaintiff. LAN denies knowledge and information sufficient to form a belief as to the truth of all other allegations contained in paragraph 14 of Plaintiff's Complaint;

15. LAN denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint;

16. LAN denies each and every allegation contained in paragraph 16 of Plaintiff's Complaint;

17. LAN denies each and every allegation contained in paragraph 17 of Plaintiff's Complaint;

18. LAN denies each and every allegation contained in paragraph 18 Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were caused or contributed to by Plaintiff's own negligence or culpable conduct and LAN is, therefore, not liable to plaintiff and/or any other party to this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery from LAN because it failed to give timely notification of a claim or a complaint in writing.

## FOURTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom LAN had no control at any time relevant hereto, and in the event LAN is found liable, which liability is expressly denied, LAN will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## FIFTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of LAN.

## SIXTH AFFIRMATIVE DEFENSE

That the plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed, refused or neglected to take reasonable steps to mitigate its damages, if any, thus barring or diminishing his recover herein.

## EIGHTH AFFIRMATIVE DEFENSE

That, if and in the event plaintiff was damaged as alleged in the Amended Complaint, plaintiff's recovery is subject to the conditions of contract of the applicable Air Waybill and the provisions of the Convention for the Unification of Certain Rules of International Carriage by Air done at Montreal on May 28, 1999 (Montreal Convention).

## NINTH AFFIRMATIVE DEFENSE

The claims for relief set forth in the Complaint are barred by the doctrine of assumption of the risk because plaintiff appreciated the risk involved and knowingly encountered that risk.

## TENTH AFFIRMATIVE DEFENSE

The allegations contained in the Complaint are barred by the application of the Economic Loss Doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries, if any, occurred in whole, or in part as a result of the negligence or carelessness of plaintiff, and therefore, plaintiff is barred/and or limited by the doctrine of contributory or comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

The negligent acts and/or admissions of individuals and/or entities other than Answering Defendant may constitute an intervening and/or superseding cause of plaintiffs' alleged injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

LAN reserves the right to raise additional affirmative defenses based upon the facts developed through discovery.

**WHEREFORE,** LAN demands judgment dismissing Plaintiff's Complaint in its entirety together with costs and disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York

May 9, 2008

Respectfully submitted,


/s_____
Roberta Miranda, Esq. (RM-5818)
MENDES & MOUNT, LLP
750 Seventh Ave.
New York, NY 10019-6829
212-261-8000
Attorneys for Defendant
LAN AIRLINES, S.A.